UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21cr0722-JLS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| ROBERTO ELIAS SALAZAR (1), | |
| Defendant. | |

WHEREAS, in the Indictment and Bill of Particulars the United States sought forfeiture of all right, title and interest in property of Defendant ROBERTO ELIAS SALAZAR ("Defendant"), pursuant to Title 21, United States Code, Section 853 as properties constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as the result of the offenses alleged in Counts 1 and 2, and any and all properties used or intended to be used in any manner or part to commit and to facilitate the commission of the violation of Title 21, United States Code, Sections 841(a)(1) and 846; and pursuant to Title 18, United States Code, Section 982 as properties involved in the violation of Title 18, United States Code, Section 1956(a)(2)(A), as charged in Counts 1 and 2 of the Indictment; and

WHEREAS, on or about August 30, 2021 Defendant pled guilty before Magistrate Judge Linda Lopez to Counts 1 and 2 of the Indictment, which pleas included consent to the forfeiture allegations of the Indictment and agreement to forfeiture of all properties seized in connection with the case, including but not limited to the following:

a.    $19,500.00 in U.S. Currency; and

b.    $7,358.00 in U.S. Currency; and

c.    $5,480.00 in U.S. Currency; and

d.    Fourteen (14) Quintientos (500) pesos; and

e.    One (1) Men's Rolex "President" wristwatch, Model #18238, SN: E435304; and

f.    One (1) Men's Rolex "Datejust" two-toned gold and stainless-steel wristwatch, Model #116333, SN: 331V02845; and

WHEREAS, on October 15, 2021, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offenses of conviction; and

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above-referenced properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court pursuant to Title 21, U.S.C. § 853 and 18.U.S.C. § 982; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the guilty pleas of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant ROBERTO ELIAS SALAZAR in the following properties are hereby forfeited to the United States pursuant to Title 21, U.S.C. § 853 and 18.U.S.C. § 982 for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

//

    a.    $19,500.00 in U.S. Currency; and

    b.    $7,358.00 in U.S. Currency; and

    c.    $5,480.00 in U.S. Currency; and

    d.    Fourteen (14) Quintientos (500) pesos; and

    e.    One (1) Men's Rolex "President" wristwatch, Model #18238, SN: E435304; and

    f.    One (1) Men's Rolex "Datejust" two-toned gold and stainless-steel wristwatch, Model #116333, SN: 331V02845; and

2. The aforementioned forfeited assets are to be held by the United States Marshal's Service and the Federal Bureau of Investigation in their secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

//

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated: December 14, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge